IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MAXWELL KREMER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:24-cv-01410 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| UNILEVER, PLC, ET AL., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court[1] is a Report and Recommendation (Doc. No. 18, "R&R") of the Magistrate Judge, wherein the Magistrate Judge recommends that this Court GRANT the motion to dismiss (Doc. No. 7, "Motion") filed by Defendants, Unilever, PLC and Walgreens Boot Alliance, Inc. (collectively, "Defendants"), DENY the request for judgment on the pleadings (Doc. No. 9)[2] filed by the *pro se* Plaintiff, Maxwell Kremer ("Plaintiff"), and dismiss the action under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). Plaintiff filed objections to the R&R (Doc. No. 19, "Objections")[3] and a memorandum in support thereof (Doc. No. 20), to which Defendants did not reply. Also pending before the Court is Plaintiff's "Motion for Relief from an

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Docket No. 9 contains *both* Plaintiff's response to the motion to dismiss and—as is procedurally improper—*also* a request for judgment on the pleadings. Despite the fact that a request for judgment on the pleadings should have been made in a separate filing, one styled solely as a motion, the Magistrate Judge considered that request and so does the Court herein.

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of a report and recommendation in which to file any written objections. Plaintiff's Objections were filed nine (9) days after the entry of the R&R and are therefore timely.

Order" (Doc. No. 13, "Motion for Relief") and a memorandum in support thereof (Doc. No. 14),[4] which purports to seek some kind of relief from the Court's order referring this action to the Magistrate Judge (Doc. No. 12, "Referral Order").

For the reasons stated herein, the Court denies Plaintiff's Motion for Relief and adopts the R&R over Plaintiff's Objections.

BACKGROUND

Plaintiff does not provide a reasonable basis to dispute in any way the summary of Plaintiff's complaint's factual allegations (which the Magistrate Judge properly accepted as true for purposes of the Motion to Dismiss) set forth in the R&R.[5] Therefore, the Court adopts that summary in its entirety and includes it here for reference.

---

[4] Plaintiff's memorandum (Doc. No. 14, "Memorandum") purporting to be in support of his Motion for Relief is not responsive to any issue before the Court and thus irrelevant to this action. The Memorandum simply clarifies Plaintiff's understanding that he is not proceeding in forma pauperis. (Doc. No. 14 at 2), which this Court already stated in its Referral Order (Doc. No. 12 at 1). The Memorandum does not seek additional relief, and it is not responsive to any issue before the Court. Therefore, the Court need not consider it.

[5] Plaintiff objects to two factual statements (regarding merely the procedural history of this case) in the R&R, both of which are overruled. Plaintiff objects to the statement in the R&R that "Defendants Unilever, PLC, and Walgreens Boots Alliance, Inc., removed this action from state court." (Doc. No. 19 at 1 (quoting Doc. No. 18 at 1)). Plaintiff concludes that this fact is untrue because "Walgreens' attorney" did not sign Defendants' Notice of Removal and therefore, according to Plaintiff, "Walgreens did not remove this action." (Doc. No. 19 at 1-2). Plaintiff cites no authority for his objection, and it is contrary to Federal Rule of Civil Procedure 11, which requires only that pleadings "be signed by" "one attorney of record." Fed. R. Civ. P. 11(a).

Plaintiff also objects to the statement in the R&R (via a hyperbolic allegation that the Magistrate Judge committed "aggravated perjury" via the statement) that "Unilever and Walgreens filed a reply in support of their motion to dismiss and in opposition to Kremer's request for judgment on the pleadings." (Doc. No. 19 at 2 (quoting Doc. No. 18 at 2)). Plaintiff's objection is that Defendants filed "one response" to his "two Motions for Judgment on the Pleadings," and that "Local Rule 7.01(a)(3)" "requires one response per motion." (Doc. No. 19 at 2). Even assuming that Plaintiff did make more than one motion for judgment on the pleadings, Plaintiff's objection is unsupported by the text of Local Rule 7.01(a)(3), which does not require *separate* responses to an opposing party's multiple motions (i.e., does not require that the response to each motion be in a separate document). Defendants timely filed a "Response in Opposition to Plaintiff's Motions for Judgment on the Pleadings" (Doc. No. 10). Moreover, as noted above, any motion for judgment on the pleadings was improperly filed, because it was filed not separately as required but rather as part of Plaintiff's response to a motion filed by Defendants. And to add one final reason why

Kremer alleges that Unilever manufactures Axe body spray deodorant and sells it to Walgreens for retail distribution. (Doc. No. 1-1.) Kremer states that he purchased a bottle of "'Axe Anarchy Dark Pomegranate [and] Sandalwood Scent'" at a Walgreens store in Lebanon, Tennessee, on October 17, 2024. (*Id.* at PageID# 10, ¶¶ 4, 6, 9.) Kremer states that, after using the body spray, he "experienced headaches caused by the poisonous ingredients in" it and "became worried that crimes were being committed in the local community by" Walgreens and Unilever. (*Id.* at ¶¶ 7, 8.)

The next day, Kremer initiated this action in the Circuit Court of Wilson County, Tennessee, by filing a complaint against Unilever and Walgreens. (Doc. No. 1-1.) Kremer asserts claims under the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. §§ 301 et seq., and the Tennessee Food, Drug and Cosmetic Act (Tennessee FDCA), Tenn. Code Ann. §§ 53-1-101 et seq. (*Id.*) Kremer also asserts claims under Tennessee criminal statutes addressing solicitation, Tenn. Code Ann. § 39-12-102; conspiracy, *id.* § 39-12-103; and deceptive business practices, *id.* § 39-14-127. (Doc. No. 1-1.) Kremer's complaint seeks compensatory and punitive damages and injunctive relief.[6] (*Id.*)

The clerk of the Wilson County Circuit Court issued summonses for Walgreens and Unilever at Kremer's request. (*Id.*) The summons to Walgreens was addressed to "Stefano Pessina" at an address in Deerfield, Illinois, and the summons to Unilever was addressed to "Esi Eggleston Bracey" at an address in London, the United Kingdom. (*Id.* at PageID# 23, 24.) At Kremer's request, the Tennessee Secretary of State served Walgreens with a copy of the summons and Kremer's complaint via certified mail on November 7, 2024. (Doc. No. 1-3.) Kremer filed a summons return in the state action certifying that, on October 21, 2024, he sent Unilever "a certified copy of the summons and a copy of the complaint" "by registered return receipt mail or certified return receipt mail" addressed to "Esi Eggleston Bracey[,] 100 Victoria Embankment[,] London EC4Y 0DY, United Kingdom[.]" (Doc. No. 1-4, PageID# 66.) Kremer stated that he received a return receipt on November 14, 2024, that had been signed on October 30, 2024. (Doc. No. 1-4.) But the space on the summons return form to identify the person who signed the return receipt is blank. (*Id.*) Kremer attached a United States Postal Service (USPS) sales receipt showing that, on October 21, 2024, Kremer paid to send a first-class mail international large envelope via registered mail to the United

---

Plaintiff has no leg at all to stand on here, he fails to explain why Defendants should be upbraided for not filing two separate responses (one in each of two documents), when the responses would be to motions filed in a single document; that is, he fails to explain why even though it was fine for him to file two motions in a single document, Defendants somehow were required to file one response in each of two separate documents.

Therefore, both of Plaintiff's objections to the factual summary in the R&R are utterly without merit.

[6] The state court records reflect that Kremer filed a motion to amend his complaint in the state action on October 22, 2024, to correct the spelling of Walgreens. (Doc. No. 1-2.)

Kingdom. (*Id.*) Kremer also attached a USPS tracking receipt stating that an "item was delivered in UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND at 7:02am on October 30, 2024." (*Id.* at PageID# 67.) The tracking receipt does not indicate who signed for the delivery.

On November 29, 2024, Walgreens and Unilever removed the action to this Court on the bases of federal question and diversity jurisdiction. (Doc. No. 1.) One week later, on December 6, 2024, Walgreens and Unilever filed a motion to dismiss Kremer's claims under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). (Doc. No. 7.) Unilever argues that Kremer did not properly serve it with the summons and complaint and that this Court therefore lacks personal jurisdiction over Unilever. (Doc. No. 8.) Unilever and Walgreens argue that, even if service on Unilever was proper, Kremer's claims against Unilever and Walgreens fail on the merits.[7] (*Id.*)

Kremer responded in opposition to Walgreens and Unilever's motion to dismiss, arguing that he "served Unil[e]ver properly [by] address[ing the summons and complaint] to the manager employee Esi Eggleston Bracey" and that "[t]he [c]omplaint does not fail to state a claim for relief" because it "allege[s] facts" and includes "photographic evidence . . . that explain Defendants are guilty of making and selling illegal cosmetics." (Doc. No. 9, PageID# 103, ¶¶ 3, 4, 7). Kremer also asks the Court to enter judgment on the pleadings in his favor based on Walgreens and Unilever's failure to answer his complaint. (Doc. No. 9.)

Walgreens and Unilever filed a reply in support of their motion to dismiss and in opposition to Kremer's request for judgment on the pleadings. (Doc. No. 10.)

(Doc. No. 18 at 2-4).

In her analysis, the Magistrate Judge found that Plaintiff's claims against Unilever should be dismissed under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for insufficient service of process and lack of personal jurisdiction, respectively. (Doc. No. 18 at 10-11). The Magistrate Judge concluded that Plaintiff did not carry his burden to establish that service of process on Unilever, a British company headquartered in London, was proper under Federal Rule of Civil

---

[7] Walgreens states that "the Tennessee Secretary of State served Walgreens with a copy of the complaint and summons on November 7, 2024[,]" and does not challenge the sufficiency of that service. (Doc. No. 8, PageID# 89.)

Procedure 4(f), Tennessee Rule of Civil Procedure 4A, or the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"). (*Id.* at 10).

In addition, the Magistrate Judge found that Plaintiff's claims against both Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the federal and state laws identified in Plaintiff's complaint do not provide any private causes of action. (*Id.* at 11). The Magistrate Judge then addressed Plaintiff's request for judgment on the pleadings, which was based on Plaintiff's argument that Federal Rule of Civil Procedure 81(c) required Defendants to file answers, as opposed to motions to dismiss, within seven days of removing this action to federal court. (Doc. No. 9). The Magistrate Judge rejected that argument, finding that (a) an answer was not required within that seven-day period, and that a motion under Rule 12(b) instead would suffice; (b) Defendants filed their joint Motion to Dismiss Plaintiff's complaint under Rules 12(b)(2), 12(b)(5), and 12(b)(6) within seven days of filing the notice of removal; and (c) Defendants therefore properly responded to Plaintiff's complaint under Rule 81(c)(2)(C). (Doc. No. 18 at 14-15).

LEGAL STANDARD

Federal Rule of Civil Procedure Rule 60(b) provides that the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "Relief from a judgment after

its entry is an extraordinary remedy that should be used sparingly." *Bass v. Bass*, No. 3:20-CV-00203, 2022 WL 18779526, at *1 (M.D. Tenn. Sept. 1, 2022).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The Rule does not address whether a district judge is required to address objections that are either irrelevant to the matters addressed in the report and recommendation or immaterial to the validity of the magistrate judge's recommendation and thus are unnecessary for the district judge to resolve in order to decide whether to adopt the magistrate judge's recommendation(s). But it is apparent that district judges within the Sixth Circuit sometimes expressly forgo resolving such objections on the grounds that their resolution is simply unnecessary. *See, e.g.*, *El Bey v. Branstool*, No. 2:23-cv-1258, 2024 WL 2952374, at *3 (S.D. Ohio June 12, 2024) ("This objection

is not relevant to the dispositive holding [recommended by the report and recommendation] that the complaint fails to state a claim upon which relief may be granted and, thus, it is OVERRULED as irrelevant."); *Collins v. Bright*, No. 2:13-cv-02987, 2021 WL 5205622, at *3 (W.D. Tenn. Nov. 9, 2021) ("[T]his objection does not affect or alter the conclusions of the Magistrate Judge and is overruled as moot."); *Dodson v. United States*, No. 17-11472, 2019 WL 1034215, at *5 (E.D. Mich. Mar. 5, 2019) ("This objection does not affect the Report's recommendation and will be overruled."); *Lashuay v. Fornwalt*, No. 1:15-CV-1109, 2017 WL 4160947, at *1 (W.D. Mich. Sep. 20, 2017) ("This Court need not resolve all of the objections," because only some of them need to be addressed in order to resolve the motion that was the subject of the report and recommendation); *Weatherspoon v. Williams*, No. 2:14-cv-108, 2016 WL 6070994, at *1 (W.D. Mich. Oct. 17, 2016) ("Plaintiff's objections are irrelevant and will be denied."); *Bowers v. Burnett*, No. 1:08-cv-469, 2011 WL 1047343, at *2 n.1 (W.D. Mich. Mar. 18, 2011) (noting that the Court need not resolve an objection to the extent that the objector's position on the R&R has other fatal deficiencies); *Powell v. Alcoa High Sch.*, No. 3:10-cv-212, 2010 WL 2598260, at *2 (E.D. Tenn. June 24, 2010) ("[B]ecause this objection is irrelevant to [the magistrate judge]'s recommendations, it is hereby overruled.") *Cline v. Kelly*, No. 09CV859, 2010 WL 1006529, at *1 n.1 (N.D. Ohio Mar. 16, 2010) ("The Court acknowledges [the plaintiff's] objection, but need not resolve it because that specific fact is not relevant to the resolution of any of the grounds for relief set forth in [the plaintiff's] Petition.").

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R, the Objections, and Plaintiff's memorandum in support of his objections. Below, the Court conducts a *de novo* analysis of the portions of the R&R challenged by the Objections.[8]

ANALYSIS

**A.    Motion for Relief.**

Plaintiff asks this Court to grant him relief from the Court's Referral Order pursuant to Federal Rule of Civil Procedure 60(b)(3), which is the provision permitting relief from an order due to "fraud" "or misconduct by an opposing party." (Doc. No. 13). The Civil Cover Sheet lists Putnam County as Plaintiff's county of residence, while Plaintiff alleges that he actually resides in Overton County. (Doc. Nos. 1-5 and 9-1). Based on this, Plaintiff argues that opposing counsel submitted a "fraudulent" Civil Cover Sheet with a "false county of residence listed" for Plaintiff. (Doc. No. 13 at 1-2).

Plaintiff's Motion for Relief fails to meet the requirements of Rule 60(b)(3), which "clearly requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold*, 538 F.3d at 455 (citation omitted). First, Plaintiff has not alleged, much less shown as required by Rule 60(b)(3), that Defendants *deliberately* listed the wrong county of residence on the Civil Cover Sheet.[9]

---

[8] The Court uses the term "Objections" to refer (in the singular) to the document filed by Plaintiff purportedly to object to the R&R (Doc. No. 19) and uses the term "objections" (in the plural) to refer to claims made in response to a report and recommendation regarding what is wrong with the analysis and/or conclusion(s) in the report and recommendation. As suggested herein, the Court need not review mere *purported* objections; rather, it need review only actual objections.

[9] Indeed, Plaintiff must allege that Defendants purposefully engaged in some sort of "questionable conduct," *Jordan v. Paccar, Inc.*, 97 F.3d 1452, 1996 WL 528950, at *8 (6th Cir. 1996). The grounds for relief under Rule 60(b)(3) are, after all, "fraud" and "misconduct." So it is not enough if Defendants deliberately took the action of filling out the county of residence on the Civil Cover Sheet. There must be something questionable about that deliberate conduct, as for example that it was done with knowledge or intent that it was done incorrectly.

Plaintiff, who has a Cookeville address, even admits that "Cookeville is located in Putnam County," (Doc. No. 13 at 1-2), which strongly supports that Defendants did not deliberately list the incorrect county of residence for Plaintiff. And to the extent that that Defendants did list the wrong county of residence for Plaintiff, a motive for so doing is conspicuously absent—further suggesting that any such error was not intentional. Third, Plaintiff has not alleged, and certainly not shown, that listing the wrong county of residence on the Civil Cover Sheet "adversely impacted" the fairness of these legal proceedings. *Info-Hold*, 538 F.3d at 455. The Court perceives no indication anywhere that it impacted the proceedings in any way. Accordingly, Plaintiff's Motion for Relief is denied.

    **B.    R&R.**

The R&R recommends that the Court grant Defendants' Motion, deny Plaintiff's request for judgment on the pleadings, and dismiss the action under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). (Doc. No. 18 at 15). Plaintiff makes several objections to the R&R, some of which are directed to the Magistrate Judge's analysis, others of which are objections to the law itself, but all of which fail for the reasons stated herein.

Most of Plaintiff's objections relate to case law cited by the Magistrate Judge. (Doc. No. 19 at 2-4). With respect to most of the cases cited in the R&R, Plaintiff objects that Plaintiff is not the plaintiff in the cited case or Defendants are not the defendants in the cited case. For example, the R&R cites *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009) for the proposition that "a motion to dismiss for insufficient service of process—that is, the manner or method of service—is made pursuant to Rule 12(b)(5)." (Doc. No. 18 at 4). Plaintiff objects to this citation, stating that "Kremer is not Buck Mountain Cmty. Org.," with no explanation of why the citation is inappropriate merely because it was to a case wherein

Plaintiff was not a party. (Doc. No. 19 at 2). These objections are nothing more than "vague" objections that "do[] not meet the requirement of specific objections and [are] tantamount to a complete failure to object." *Frias*, 2019 WL 549506, at *2. Plaintiff's vague objections are tantamount to a failure to object and are therefore overruled.

Perhaps Plaintiff meant to imply, via these objections, that these cases are not binding in this action since Plaintiff and Defendants were not parties in the cited cases. If so, these objections fail alternatively on the merits. It is axiomatic that even though Plaintiff and Defendants were not parties to the cases cited by the Magistrate Judge, that does not affect the precedential and/or persuasive nature of those cases. Additionally, Plaintiff does not explain why any case cited by the Magistrate Judge should not apply here—either because it is binding, because it is persuasive when applied in this case, or both.

Plaintiff also objects to the Magistrate Judge's conclusion that as to Unilever, Plaintiff's mailing "was not addressed and sent by a clerk of court as required by Federal Rule 4(f)(C)(ii) and Tennessee Rule 4A(2)(C)(ii)." (Doc. Nos. 18 at 10 and 19 at 3). Plaintiff argues that (1) "[t]o regard a [p]ro [s]e case liberally, the Judge must allow the Plaintiff to mail the mailing without the Clerk's specific participation" and (2) Unilever received a copy of the complaint and summons, so "service was confirmed." (Doc. No. 19 at 3). As an initial matter, "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). Plaintiff's objection that Unilever's actual notice of the lawsuit is sufficient service is therefore without merit. Further, Plaintiff cites no authority for his argument that this Court should (let alone must) exempt *pro se* litigants from the service requirements of Federal Rule 4(f)(C)(ii) and Tennessee Rule 4A(2)(C)(ii). Federal Rule 4(f)(C)(ii) and Tennessee Rule 4A(2)(C)(ii) require the mailing "to be addressed and dispatched by the clerk of the court to

the party to be served," and Plaintiff does not contest their applicability here (Doc. No. 19 at 3). Instead, Plaintiff merely states that as a pro se litigant he should be exempt from this requirement. While it is true that "[p]ro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed," *Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted), pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). Accordingly, there is no merit to Plaintiff's objection that he should be exempt from the service requirements as a pro se litigant.

Next, Plaintiff objects that the Magistrate Judge has an "illegal bias" against Plaintiff due to the Magistrate Judge referencing a previous case filed by Plaintiff, and Plaintiff argues that, pursuant to 28 U.S.C. § 144, the Magistrate Judge should be recused and the R&R rejected. (Doc. No. 19 at 5).[10] The invoked statute provides, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. As this language suggests, recusal under 28 U.S.C. § 144 is required only when affidavit is found to be both timely and legally sufficient by the judge. *See Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988). Here, Plaintiff did not file a Motion to Recuse or an affidavit (timely and sufficient or otherwise), so there is no reason to

---

[10] Plaintiff also filed a "Separate Memorandum of Law" (Doc. No. 20) repeating his argument that the Magistrate Judge should be recused and the R&R denied.

continue an analysis under § 144.[11] Thus, Plaintiff's objection regarding the Magistrate Judge's recusal is without merit.

In addition, Plaintiff objects to the section of the FDCA stating that "all [ ] proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States." 21 U.S.C § 337(a); (Doc. No. 19 at 4). Plaintiff objects that the FDCA "pertains to injunctive relief, and does not pertain to monetary relief in a civil action. It means the police may charge a defendant as <u>name of United States</u> vs. <u>defendant</u> in a separate criminal case. Lebanon City Police may charge Walgreens store employees. Newbern's defense relies on FDCA statute, and ignores other Federal statutes." Plaintiff's objection is unintelligible. Plaintiff asserts a claim against Defendants under the FDCA (Doc. No. 1-1), and the FDCA does not provide a private cause of action, as the Magistrate Judge explained (Doc. No. 18 at 11-12). Further, as to Plaintiff's claim that the Magistrate Judge "ignore[d] other" federal statutes, Plaintiff brought claims under only one federal statute—the FDCA (Doc. No. 1-1). Accordingly, Plaintiff's objection is without merit.

The remainder of Plaintiff's objections to the R&R are either statements that are actually consistent with the R&R, and therefore not actual objections, or statements regarding facts of the

---

[11] Even if Plaintiff had filed a Motion to Recuse and an affidavit in support thereof, it would not be sufficient to warrant recusal here. An affidavit filed under § 144 must "allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). To justify recusal, prejudice or bias must be personal or extrajudicial, and cannot be based upon conclusory allegations of bias or prejudice. *See id.* (internal citations omitted); *Green v. Nevers*, 111 F.3d 1295, 1303-04 (6th Cir. 1997). Plaintiff's allegations of bias exclusively relate to the Magistrate Judge's actions in judicial proceedings in the related case and not to any extrajudicial conduct. Nor do Plaintiff's filings present any facts from which a reasonable person could conclude that the Magistrate Judge has any personal bias or prejudice against Plaintiff. Instead, Plaintiff's statements are his opinions of and dissatisfaction with the proceedings in the related case, which cannot alone prove bias or prejudice. *See Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (holding that allegations based exclusively on magistrate judge's orders and statements during judicial proceedings in a case were insufficient to warrant recusal). Plaintiff has offered no evidence (or even purported facts) to support a reasonable conclusion that the Magistrate Judge's impartiality might be reasonably questioned or that the Magistrate Judge holds some personal bias or prejudice against Plaintiff.

case or other matters that would not alter the Magistrate Judge's conclusions. For instance, Plaintiff objects that his mode of delivery was U.S. mail (Doc. No. 19 at 2), that he is bringing this case in the United States rather than the United Kingdom (Doc. No. 19 at 3-4), and that the word "state" as used in the Hague Service Convention actually "means a geographical country" (Doc. No. 19 at 3). These statements are consistent with the R&R, (Doc. No. 18 at 2-3), and can hardly be considered objections because these facts support the Magistrate Judge's conclusions. Plaintiff objects that he timely served a complaint in a different lawsuit (Doc. No. 19 at 2). This fact does not alter the Magistrate Judge's conclusions in any way. For another objection, Plaintiff simply copied the text of Tenn. Code Ann. § 28-3-104, which governs the limitations period for personal injury actions. (Doc. No. 19 at 4). But the Magistrate Judge did not discuss the limitations period in any way, and the limitations period is not at issue at issue here because Plaintiff timely filed this action given the date of the alleged events underlying his claims. Because these objections "do[] not affect or alter the conclusions of the Magistrate Judge," they are "overruled as moot." *Collins*, 2021 WL 5205622, at *3.

## CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Relief (Doc. No 13) is DENIED. Further, all objections in Plaintiff's Objections are overruled, and the Court adopts the Magistrate Judge's R&R in its entirety. (Doc. No. 18). Accordingly, Defendant's Motion (Doc. No. 7) is GRANTED, and this action is DISMISSED WITH PREJUDICE in its entirety. The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE