| | | |
|---|---|---|
| MAXWELL KREMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-01410 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| UNILEVER, PLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] is Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (Doc. No. 23, "Motion"). The Motion is supported by an accompanying brief. (Doc. No. 24). Defendants Unilever, PLC and Walgreens Boots Alliance, Inc. (collectively, "Defendants") filed a brief in opposition to the Motion (Doc. No. 25, "Response").

For the reasons stated herein, the Court denies the Motion, and the case remains closed.

## BACKGROUND

On November 29, 2024, Defendants removed this case to this Court by filing a notice of removal (Doc. No. 1). Thereafter, Defendants filed a motion to dismiss. (Doc. No. 7, "Motion to Dismiss"). Plaintiff, who is proceeding pro se in this case, filed a response in opposition to the Motion to Dismiss. (Doc. No. 9). Plaintiff's response in opposition to the Motion to Dismiss also included a request for judgment on the pleadings. (*Id.*).[2] The Magistrate Judge issued a Report and

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Docket No. 9 contains *both* Plaintiff's response to the Motion to Dismiss and—as is procedurally improper—*also* a request for judgment on the pleadings. Despite the fact that a request for judgment on the

Recommendation (Doc. No. 18, "R&R"), recommending that Defendants' Motion to Dismiss be granted, that Plaintiff's request for judgment on the pleadings be denied, and that the action be dismissed under Rules 12(b)(2), 12(b)(5), and 12(b)(6). Plaintiff filed Objections to the R&R (Doc. No. 19, "Objections"). In a Memorandum Opinion and Order (Doc. No. 21, "Court's Order"), the Court considered the Objections before adopting the R&R in full, granting Defendants' Motion to Dismiss and denying Plaintiff's request for judgment on the pleadings. Presently before the Court is Plaintiff's Motion (Doc. No. 23), which (unsurprisingly) Defendants oppose. (Doc. No. 25, "Defendant's Response").Via the Motion, Plaintiff asks the Court for relief under Rule 60(b), which the Court discerns is supported by five arguments. (Doc. No. 23 at 1). In opposition, Defendants argue that, "none [of the things about which Plaintiff now complains] qualif[y] as a 'mistake' and no exceptional or extraordinary circumstances exist." (Doc. No. 25 at 2).

### LEGAL STANDARD

Federal Rules of Civil Procedure Rule 60(b) provides that the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *InfoHold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "Relief from a judgment after its

---

pleadings should have been made in a separate filing, one styled solely as a motion, the Magistrate Judge considered that request and so did the Court.

entry is an extraordinary remedy that should be used sparingly." *Bass v. Bass*, No. 3:20-CV-00203, 2022 WL 18779526, at *1 (M.D. Tenn. Sept. 1, 2022).

<u>ANALYSIS</u>

Plaintiff moves for relief pursuant to Rule 60(b), asking the Court to alter or amend the Court's Order (Doc. No. 21), wherein the Court adopted the R&R, granted the Motion to Dismiss, and denied Plaintiff's request for judgment on the pleadings. The Court discerns that Plaintiff makes five arguments in his Motion in support of his assertion that he is entitled to relief from the Court's Order. (Doc. No. 25). Those arguments—to which the Court refers herein as "Argument 1," "Argument 2," "Argument 3," "Argument 4," and "Argument 5," respectively— are as follows: 1) the Court erred when it granted the Motion to Dismiss without having a hearing; 2) the Court erred when it granted Defendants' joint Motion to Dismiss because counsel for one of the Defendants did not sign the joint Motion to Dismiss; 3) Defendants were mistaken in filing a Motion to Dismiss without filing answers; 4) the Court is liable under aggravated perjury because the Court incorrectly found that Plaintiff had not alleged that Defendants deliberately listed the wrong residence on the Civil Cover Sheet; and 5) the Court erred when it granted the Motion to Dismiss despite Defendants' allegedly "admitting" to Plaintiff's "victimization." (*Id.*). (Doc. No. 23 at 2-5). The Court will address each argument in turn.

I.   <u>Argument 1</u>

Via Argument 1, Plaintiff asserts that it was Defendants' "mistake to motion to dismiss without scheduling a hearing date, and so it was [the Court's] mistake to grant the motion to dismiss." (Doc. No. 23 at 2). More specifically, Plaintiff contends that, "[p]ursuant to Rule 12(i) of the Federal Rules of Civil Procedure, if any defense listed in Rule 12(b) is used by the Defendant, Defendant's defense 'must' be heard at a hearing." (Doc. No. 23 at 2). In response to

Argument 1 Defendants assert that Plaintiff's contention that Rule 12(i) requires that motions to dismiss must be heard at a hearing reflects an improper interpretation of Rule 12(i). (Doc. No. 25 at 2). The Court agrees. Under Rule 12(i), a party is not required to schedule a hearing (or ask the court to schedule) when asserting a defense under Rule 12(b). Instead, Rule 12(i) requires merely that a motion to dismiss "be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i). Moreover, Local Rule 78.01 expressly states that "[a]ll motions . . . will be decided by the Court *without* oral hearings unless otherwise ordered by the Court." L.R. 78.01 (emphasis added). Plaintiff's claim that the Court erred in granting Defendants' motion without a hearing is therefore entirely without merit.

Therefore, the Court finds that Argument 1 is unavailing and does not provide grounds for relief under Rule 60(b).

## II.    Argument 2

Via Argument 2, Plaintiff asserts that the Court "should grant relief to the Plaintiff from Defendant Walgreens because Defendant [Walgreens] failed to plead or otherwise defend" because its counsel "did not certify, without signature [sic], the . . . motion to dismiss, therefore the Defendants did not motion jointly." (Doc. No. 23 at 3). Notably, Argument 2 is similar to an objection Plaintiff made to the R&R, wherein Plaintiff likewise argued removal was improper because "Walgreen's attorney did not separately sign the notice of removal." (Doc. No. 25 at 2-3 (quoting No. 19 at 1-2)). Plaintiff's argument fails as his previous objection did because, as Defendant asserts, Plaintiff  "cites no authority for his [argument], and it is contrary to Federal Rule of Civil Procedure 11, which requires only that pleadings 'be signed by' 'one attorney of record.'" (Doc. No. 25 at 3 (quoting Doc. No. 21 at 2 n.5 (quoting Fed. R. Civ. P. 11(a))) (bracket in original)). The Court agrees.

In the Court's view Argument 2 is based on Plaintiff's misunderstanding of the Federal Rules of Civil Procedure—specifically Rule 11's requirements regarding attorney signatures. Notably, Plaintiff cites no authority to support Argument 2, and it is contrary to Federal Rule of Civil Procedure 11, which requires that "every pleading, written motion, and other papers… be signed by at least one attorney of record." Fed. R. Civ. P. 11(a). Notably a notice of removal would qualify as an "other paper" as contemplated by Rule 11. *See Michigan Mfrs. Service, Inc. v. Robertshaw Controls Co.*, 134 F.R.D. 154, 156 (E.D. Mich. 1991) ("The notice of removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."); *Lawson v. SWBC Mortgage Corp.*, 2021 WL 4962762, at *2 (M.D. Tenn. Oct. 26, 2021) (discussing how Rule 11 governs an attorney's signature of a notice of removal). Therefore, the Court finds that Plaintiff's assertion that Defendant Walgreens Boots Alliance, Inc.'s motion is invalidated by Rule 11 (i.e., Argument 2) is the result of Plaintiff's improper interpretation of Rule 11's requirements and fails to raise an argument justifying relief under 60(b).

III.     Argument 3

Via Argument 3 the Court discerns that Plaintiff is again trying to argue that Rule 81(c) required Defendants to file answers, rather than motions to dismiss, within seven days of removing this action to this Court. (Doc. No. 23 at 3-4). Notably, in the R&R, the Magistrate Judge "addressed Plaintiff's request for judgment on the pleadings, which was based on Plaintiff's argument that Federal Rule of Civil Procedure 81(c) required Defendants to file answers, as opposed to motions to dismiss, within seven days of removing this action to federal court." (Doc. No. 21 at 5 (citing Doc. No. 9)). Ultimately the Court adopted the R&R, wherein "[t]he Magistrate Judge rejected that argument, finding that (a) an answer was not required within that seven-day period, and that a motion under Rule 12(b) instead would suffice; (b) Defendants filed their joint

Motion to Dismiss Plaintiff's complaint under Rules 12(b)(2), 12(b)(5), and 12(b)(6) within seven days of filing the notice of removal; and (c) Defendants therefore properly responded to Plaintiff's complaint under Rule 81(c)(2)(C)." (*Id.* (citing Doc. No. 18 at 14-15)).

In response to Argument 3, Defendants correctly point out that Plaintiff failed to cite to any authority or provide an argument as to why the Court's adoption of the R&R (specifically the aforementioned portion) constitutes a "mistake" or otherwise entitles him to relief under Rule 60(b). (Doc. No. 25 at 4). The Court agrees. In support of Argument 3 Plaintiff merely asserts that the Court's Order—specifically the portion stating that "[t]he Magistrate Judge rejected that argument, finding that (a) an answer was not required within that seven-day period"—shows that the Court is "not following the Rules," namely Rule 81(c). (Doc. No. 23 at 4). But to the contrary, the language of Rule 81(c) supports the Court's conclusion. Notably, Rule 81(c)(2) states that "[a] defendant who did not answer before removal must answer *or present other defenses* or objections under these rules." Fed. R. Civ. P. 81(c)(2) (emphasis added). That language does not mandate an answer but instead requires either an answer or some other defense or objection within the applicable time period, which this Court found can take the form of a 12(b) defense. Plaintiff has failed to cite any authority contradicting this conclusion or providing an argument as to why such conclusion is improper.

In sum, the Court finds that Argument 3 is likewise unavailing and does not provide grounds for relief under Rule 60(b).

IV. <u>Argument 4</u>

Via Argument 4 Plaintiff accuses the Court of "Aggravated Perjury" claiming that the Court wrongly found that Plaintiff had not alleged that Defendants deliberately listed the wrong county of residence on the Civil Cover Sheet. (Doc. No. 23 at 4). In the Court's Order, the Court

stated that "Plaintiff has not alleged, much less shown as required by Rule 60(b)(3), that Defendants *deliberately* listed the wrong county of residence on the Civil Cover Sheet." (Doc. No. 21 at 6). In his Motion, Plaintiff reacted to this statement by making the conclusory assertion, "Yes, Plaintiff did allege." (Doc. No. 23 at 4). However, Plaintiff has done nothing to support his conclusory allegation that Plaintiff actually alleged what the Court noted he did not allege (and certainly did not show). Accordingly, he has not shown error by the Court of any kind, let alone error that would support relief under Rule 60(b), let alone "perjury," let alone "aggravated perjury."[3] Relatedly, he has not shown that Defendant acted with the state of mind required to show "fraud" as required to obtain relief under Rule 60(b)(3), and therefore Argument 4 does not provide a ground for relief.

V.      Argument 5

Via Argument 5 Plaintiff asserts that Defendants' "memorandum of law contained a confession," through which Defendants admitted that Plaintiff was "victimized." (Doc. No. 23 at 5). Plaintiff argues that Defendants' choice of words—using "victimized" rather than "Plaintiff believes he was victimized"—constitutes an admission of harm by Defendants. (*Id.*). Defendants responded to Argument 5 by reinforcing that "Defendants' [M]otion to [D]ismiss quoted ["victimized"] from [Plaintiff's] complaint," and that the use of Defendants' punctuation in Plaintiff's own Motion affirms that such "was a quotation—not an adoption or admission, much less a 'confession.'" (Doc. No. 25 at 5). Having conducted a cursory review of Defendants' statement at issue—which confirms exactly what Defendants here are claiming—the Court agrees.

Therefore, the Court finds that Argument 5 is likewise unavailing and does not provide grounds for relief under Rule 60(b).

---

[3] The Court believes it would be remiss if it did not suggest to Plaintiff that he knows what he is talking about and has his ducks in a row before he accuses a judge of "aggravated perjury."

<u>CONCLUSION</u>

All five of Plaintiff's arguments fail outright. Because Plaintiff has not satisfied the requirements for relief under Rule 60(b), Plaintiff's Motion (Doc. No. 23) is **DENIED**. Thus, the judgment in this case remains intact and the case remains closed.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE